CHARLES VERE, Plaintiff and Appellant, *v.* FRANCISCO BIANCHI ET AL., Defendants and Appellees.

No. 2977. Argued April 18, 1927.—Decided May 10, 1927.

*Martín Travieso, José Sábater* and *C. Iriarte* for the appellant.
*Cayetano Coll y Cuchí* and *G. Cruzado Silva* for the appellees.

MR. JUSTICE WOLF delivered the opinion of the court.

On the 2nd of August, 1924, this court reversed the judgment of the District Court of Mayagüez which had rendered a judgment for the defendants with costs, disbursements and attorney's fees.

Now, the judgment of this court has been reversed by the Circuit Court of Appeals of the First Circuit and the case sent back to us for further proceedings not inconsistent with the opinion of the said Circuit Court of Appeals. The effect of this reversal is to undo any step previously taken by this court. The complainant Vere asks to be relieved of the costs pronounced against him by the District Court of Mayagüez. He maintains there could be no great degree of blame where three judges of this court, constituting a majority, decided in his favor. On the other hand, it is contended that the reversal by the Circuit Court of Appeals covers every question that could have been decided by this court on reversing the District Court of Mayagüez. Necessarily when we were holding in favor of complainant we were not considering and did not consider any right that the complainant had to be relieved of costs, nor did the Circuit Court of Appeals.

*Gandía* v. *Porto Rico Fertilizer Co.*, 2 F. (2nd) 641, involved a mandate of the Circuit Court of Appeals. There our judgment dismissing an appeal was reversed and the case sent back for further proceedings not inconsistent with the opinion of the reviewing court and it was contended that we had no right to consider the merits. We did not so construe the mandate—*Gandía* v. *Porto Rico Fertilizer Co.*, 33 P.R.R. 147—and considered the merits. The Circuit Court of Appeals held that our construction in this regard was

correct, but reversed our judgment on the merits. *In Re Sanford Fork, etc., Co.,* 160 U.S. 247, 259, the Supreme Court of the United States held that a circuit court (trial court) might consider and decide any matters left open by the decision of the Supreme Court. The matter of costs could have been decided by this court if properly raised and, as it was not disposed of before, we are not concluded from considering it by the reversal. We may say, as we said in *Gandía* v. *P. R. Fertilizer Co., supra,* that if the Circuit Court of Appeals had desired to exclude the consideration of costs, an affirmance of the judgment of the District Court of Mayagüez would have accomplished the result.

The complainant, Charles Vere, now says that on appealing from the District Court of Mayagüez he also appealed from the pronouncement of costs and we find this to be true. On the other hand, this claim for exemption from costs was abandoned in the brief. No assignment of errors touches this matter and the question is not discussed in any part of the brief presented to this court. We hold that the complainant, having in this manner renounced his right, should not now be heard in the matter of costs. We doubt if complainant's position ought to be bettered after this lapse of time.

The complainant also asks us to delay the sending of the mandate to the District Court of Mayagüez, inasmuch as an application for a certiorari has been presented to the Supreme Court of the United States to review the action of the Circuit Court of Appeals. The Jurisdictional Act of February 13, 1925, (section 240, subsection 8d) provides:

"In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to apply for and obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court, and may be conditioned on

the giving of good and sufficient security to be approved by such judge or justice, that if the aggrieved party fails to make application for such writ within the period allotted therefor, or fails to obtain an order granting his application, or fails to make his plea good in the Supreme Court, he shall answer for all damages and costs which the other party may sustain by reason of the stay.''

This would seem to present a case of *expressio unius est exclusio alterius*, and to leave us no discretion, but if any discretion we have the plaintiff and petitioner has presented no special facts calling for the exercise of it. So that, having reached the conclusion that the judgment of the District Court of Mayagüez must be affirmed in all its parts, we find no reason for further delaying the mandate.

The judgment will be affirmed and the mandate sent down forthwith.

Mr. Chief Justice Del Toro concurred.

Mr. Justice Franco Soto took no part in the decision of this case.